Swing, D. J.
Peter Schwab was adjudicated a bankrupt, and plaintiff was appointed his assignee, and brought this suit to recover from the defendant assets of the estate of the bankrupt. In 1874 the case was submitted to a jury, which failed to agree and was discharged. In 1875 the case was again submitted to a jury, which, also failing to agree, was discharged; and in 1880 the plaintiff came into court and dismissed his case. Upon such dismissal the costs were taxed, against the plaintiff, including a docket fee of $20, *467 which ilie plaintiff objects to, and tiles this motion to retax the costs as to that particular item. The plaintiff claims that by the laws of the United States there should have been taxed a docket fee of five dollars instead of twenty. Whether the docket fee shall be five or twenty dollars depends upon the construction of section 824 of the U. S. Revised Statutes. This section provides, among other fees of attorney, that there shall be, “on a trial before a jury in civil or criminal causes, or before referees, or on a final hearing in equity or admiralty, a docket fee of $20, providing th.at in cases of admiralty and maritime jurisdiction, where the libellant recovers less tlia-n §50, the docket fee of his proctor shall be but §10; in cases at law where judgment is rendered without a jury, §10; in cases at law where the cause is discontinued, §5.” These are the only provisions of law which boar upon the question presented, and its determination depends upon the construction which shall be given to them.
The defendant claims that when a jury has been empan-nelled and the case fully submitted to it for determination, it isa “trial before a jury” within the letter and spirit of the law, although they may be unable to agree and shall bo discharged. But the plaintiff claims that such a trial is not a “trial before a jury,” as contemplated by this law, but in order to bring it within the provisions of the law it must have been a trial which resulted in a verdict by which the rights of the parties should bo determined. The other provisions by which docket fees are given are only upon the existence of the means by which the case is finally disposed of. In equity and admiralty it is upon the final hearing; in cases at law where judgment is rendered without a jury; and in cases at law “where the cause is discontinued. I know it may be said that the purpose of the law was to give a docket fee in proportion to the labor performed, and in this view it was as much a “trial before a jury” as if they had agreed; but so it may be said that there might have been a hearing in equity which involved more labor than the final hearing, but it is only upon a final hearing that a docket fee is to be taxed. In a general sense it may be true that there had been a “trial *468 before a jury” when the jury bad been sworn and the cause fully submitted to it, although they had disagreed and were discharged. But if this is to be the sense in which it is to be construed, then each time the cause was submited to a jury and they failed to agree, would be a “trial before a jury,” and a docket fee might be taxed. I do not think that this was the sense of “trial before a jury” contemplated by the statute. I think it was intended to apply only to such cases in which the controversy was disposed of by the verdict of a jury and judgment was rendered thereon; but if a jury disagreed and were discharged, the case remained in all respects as if the matter had never been submitted to a jury. No trial had been had, and the plaintiff could come into court and discontinue his cause; and if he did so, in the taxation of a docket fee, the case must be treated as discontinued, and a docket fee of five dollars only should be taxed.
The motion must, therefore, be sustained, and the clerk in the retaxation will tax a docket fee of five dollars instead of twenty.